HAROLD A. DOVE and BARBARA J. DOVE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Dove v. Commissioner
Docket No. 2181-77.
United States Tax Court
T.C. Memo 1978-388; 1978 Tax Ct. Memo LEXIS 126; 37 T.C.M. (CCH) 1583; T.C.M. (RIA) 78388; September 27, 1978, Filed *126 Petitioners claimed casualty loss and charitable contribution deductions under sections 165 and 170, I.R.C. 1954, respectively, in excess of respondent's determination. Held, petitioners failed to present sufficient evidence to substantiate the full amount of the casualty loss and charitable contribution deductions as claimed. Harold A. Dove, pro se. Susan B. Watson, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION
*127 BRUCE, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the yars 1974 and 1975 of $ 2,555.37 and $ 3,226.12, respectively, as set forth in his statutory notice of deficiency dated February 14, 1977. Due to certain concessions by both petitioner [1] and respondent, [2] only two issues remain for our determination. Still in dispute are (1) whether petitioners should be allowed to deduct a casualty loss for 1974 in excess of respondent's determination and (2) whether petitioners should be allowed a charitable contribution deduction in excess of respondent's determinations for both 1974 and 1975. Determinative of each of these issues is whether petitioners have substantiated the full amounts claimed as required by section 165 and section 170, Internal Revenue Code of 1954. [3]
*128 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioners, Harold A. and Barbara J. Dove, resided at Baltimore, Maryland when the petition herein was filed. Petitioners were residents of Baltimore until June 24, 1974, at which time they moved to Fairbanks, Alaska, remaining there until November of 1976. They timely filed joint Federal income tax returns for taxable years 1974 and 1975 with the Internal Revenue Service Center, Ogden, Utah. Before leaving Baltimore, petitioners suffered a casualty loss when their 1968 Volkswagen "Beetle" caught fire. The automobile was a total loss. Without any insurance to offset their loss, petitioners have claimed a casualty loss deduction of $ 1,400.00, which consists of $ 1,200.00 for the value of the automobile and $ 300.00 for the value of a camera destroyed with the automobile, less the usual $ 100.00 statutory limitation. The amount of the loss for the camera is not disputed. However, respondent has determine the value of the automobile at the time of the loss to have been only $ 900.00, which would *129 result in a casualty loss deduction of only $ 1,100.00. While living in Baltimore, petitioners attended church regularly, making various contributions from time to time. After moving to Fairbanks, petitioners continued to attend church regularly. They contend that their contributions to the church continued as well, claiming total charitable contributions for 1974 of $ 2,829.00 and for 1975 of $ 3,546.00. Of these amounts, respondent has determined that only a charitable contribution deduction for 1974 of $ 222.79 should be allowed. OPINION The issues for decision concern a casualty loss and charitable contribution deductions. It is fundamental in both issues that petitioners have the burden of showing that they are entitled to a greater deduction than that allowed by respondent. Welch v. Helvering,290 U.S. 111 (1933). 1. Casualty loss. Section 165(c)(3) provides a deduction for individuals who experience certain property losses, not compensated for by insurance, for any amount over $ 100. Petitioners did experience such a loss and did not have insurance to compensate for it. The point of dispute in this matter is the amount of that loss, which *130 is directly related to the value of a 1968 Volkswagen "Beetle" as of February 15, 1974. [4] Claiming the automobile to be in exceptional condition, petitioners listed the value of the automobile as $ 1,200.00. Respondent's presumptively correct determination is $ 900.00. Offering no evidence other than oral testimony of any special equipment, extraordinary maintenance or low mileage which might have increased the value of their automobile, petitioners have failed to show by "competent appraisal" that they are entitled to a casualty loss deduction in any amount greater than respondent's determination. 2. Charitable contribution. Section 170(a) allows deductions for charitable contributions within the taxable year ifverified. In this case, the petitioners presented no written evidence of contributions to the church for the period in question beyond certain checks in 1974 which total $ 222.79. The only *131 other written evidence offered by petitioners is that of checks prior and subsequent to the time presently examined. These checks do not suggest a tithe or any other pattern of giving which might be helpful in determining the contributions of petitioners for taxable years 1974 and 1975. Harold's oral testimony on this matter refers only generally to the time in question, dwelling more on the cancelled checks of the other time periods. [5] Further, no record of cash contributions of petitioner was provided by the alleged donee. [6] Due to the paucity of tangible evidence, petitioners have failed to show that respondent erred in determining that only $ 222.79 of the claimed charitable contribution was allowable. *132 Accordingly, we hold that petitioners are not entitled to the casualty loss deduction or charitable contribution deduction for 1974 in excess of respondent's determination. We further hold that petitioners are not entitled to any charitable contribution deduction for 1975.
Decision will be entered under Rule 155. Footnotes
1. Petitioners concede sales tax deduction of $ 437.06 for 1974; real estate tax deduction of $ 517.50 for 1974; and an addition to income of a state income tax refund of $ 386.74 for 1974. ↩
2. Respondent concedes moving expense deduction of $ 5,565.92 for 1974; medical expense deduction of $ 157.96 for 1974; and mortgage interest deduction of $ 6369.00 for 1975. ↩
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
4. Sec. 1.165-7(a)(2)(i), Income Tax Regs.: In determining the amount of loss deductible under this section, the fair market value of the property immediately before and immediately after the casualty shall generally be ascertained by competent appraisal. * * *↩
5. Harold testified that there are no records of petitioners' contributions to their church in Alaska because they did not immediately open a checking account upon arriving in Fairbanks. While this may be valid for the period from June 24, 1974 to August 21, 1974, we must discount this testimony as irrelevant to the remainder of 1974 and all of 1975, since one of the checks available as evidence of petitioners' 1974 contributions of $ 222.79 was drawn against the National Bank of Alaska, Fairbanks, in the amount of $ 100.00 on August 22, 1974. ↩
6. Sec. 1.170A-1(a)(2)(iii), Income Tax Regs.↩